NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSE L. SERRANO RAMOS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7169

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-0367, Judge Mary J. Schoelen.

Before BRYSON, LINN and REYNA, *Circuit Judges.*

PER CURIAM.

### O R D E R

Jose L. Serrano Ramos appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying him entitlement to service connection.  We affirm.

In December 1982, while serving in the Puerto Rico National Guard, Serrano Ramos suffered a cranial fracture in an automobile accident.  Seventeen years after

that accident, he filed a disability compensation claim for residuals of a skull fracture, but that claim was denied by a Department of Veterans Affairs ("DVA") regional office on the ground that the accident did not occur during a qualifying period of service.

On appeal, the Board of Veterans' Appeals ("Board") upheld the denial of service connection. The Board confirmed that Serrano Ramos was only called into active duty training or full time training duty from February 9, 1981 to July 2, 1981, May 13 to May 14, 1982, and from July 3 to July 17, 1982, and thus the accident did not occur during a qualified period of service. The Board further explained that there was no evidence to suggest that Serrano Ramos's condition was incurred or aggravated during the time he was called up to active duty.

Serrano Ramos appealed the Board's decision to the Veterans Court, which affirmed. Like the Board, the Veterans Court rejected the argument that Serrano Ramos was entitled to service connection since he could have been called into active duty at any time. Because Serrano Ramos's injury did not occur when he was ordered into federal service, the Veterans Court held that DVA disability compensation benefits were not available to him.

On appeal before this court, Serrano Ramos contends generally that the Veterans Court erred in its interpretation of service connection. It is true that National Guardsman may be eligible for DVA benefits when called into the service of the United States, such as when called into active duty* or required by federal law to participate

---

* Service in the National Guard constitutes "active duty" for purposes of DVA benefits only when ordered into service as a reserve component of the Armed Forces, *see* 38 U.S.C. §§ 101(21),(10), 101(29); 10 U.S.C. §§ 10106, 12401 ("[M]embers of the Army National Guard of the

in drills, field exercises, arms competitions, or military school.  *See* 38 U.S.C. §§ 101(20), (22)(C), (23)(C), 1131; *Allen v. Nicholson*, 21 Vet. App. 54, 57-58 (2007) ("[T]o have basic eligibility for veterans benefits based on a period of duty as a member of a state Army National Guard, a National Guardsman must have been ordered into Federal service by the President of the United States, *see* 10 U.S.C. § 12401, or must have performed 'full-time duty'").

The Board in this case, however, found that Serrano Ramos's automobile accident did not occur during one of those qualifying periods of duty.  To the extent Serrano Ramos seeks to challenge that finding, it is outside of this court's limited jurisdiction; this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

To the extent that Serrano Ramos suggests—as he did below—that he could have been ordered into federal service at any time, and thus should be deemed to have been service-connected, the Veterans Court correctly held that this argument is without merit.  Members of the National Guard only serve the federal military when they are formally called into the service of the United States. *See Perpich v. Dep't. of Def.*, 496 U.S. 334, 345 (1990); *Clark v. United States*, 322 F.3d 1358, 1366 (Fed. Cir. 2003).  Until ordered into federal service, National Guardsman serve solely as a member of their state or commonwealth militia.  *Clark*, 322 F.3d at 1366.  Because Serrano Ramos was not eligible for an injury to have occurred in the line of active duty at the time of the automobile accident, the court rejects his argument that

United States and the Air National Guard of the United States are not in active Federal service except when ordered thereto under law").

JOSE SERRANO RAMOS v. SHINSEKI 4

his injury is service-connected.  Because Serrano Ramos does not raise any other argument within this court's limited jurisdiction, we affirm.

Accordingly,

IT IS ORDERED THAT:

(1)  The judgment of the Court of Veterans Claims is affirmed.

(2)  Each side shall bear its own costs.


FOR THE COURT


 /s/ Jan Horbaly
Jan Horbaly
Clerk


s25